UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
:
IN RE PROSHARES TRUST II SECURITIES  :   19cv0886 (DLC)
LITIGATION                           :
:           ORDER
:
------------------------------------X

DENISE COTE, District Judge:

An Opinion of January 3, 2020 granted the defendants' motion to dismiss the second amended complaint and directed the Clerk of Court to enter judgment for the defendants. See In re Proshares Tr. II Sec. Litig., No. 19CV0886 (DLC), 2020 WL 71007 (S.D.N.Y. Jan. 3, 2020). On April 5, 2021, the Second Circuit Court of Appeals issued a mandate affirming that Opinion. See In re Proshares Tr. II Sec. Litig., 839 F. App'x 649, 650 (2d Cir. 2021). An Order of April 5 set a briefing schedule regarding the plaintiffs' compliance with Rule 11(b). This briefing became fully submitted on June 4.

Under the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), courts are required to make specific findings as to the compliance by all parties and attorneys with Rule 11(b), Fed. R. Civ. P., at the conclusion of all private actions arising under the Securities Exchange Act of 1934. 15 U.S.C. § 78u-4(c); ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 579 F.3d 143, 152 (2d Cir. 2009).

Rule 11(b), Fed. R. Civ. P., provides that

> [b]y presenting to the court a pleading . . . an
> attorney . . . certifies that to the best of [her]
> knowledge, information, and belief, formed after an
> inquiry reasonable under the circumstances, . . . the
> factual contentions have evidentiary support or, if
> specifically so identified, will likely have
> evidentiary support after a reasonable opportunity for
> further investigation or discovery . . . .

Rule 11 thus imposes on attorneys "an affirmative duty to conduct a reasonable inquiry into the facts and the law." Bus. Guides, Inc. v. Chromatic Commc'ns Enterprises, Inc., 498 U.S. 533, 545 (1991). "Since the inquiry must be 'reasonable under the circumstances,' liability for Rule 11 violations requires only a showing of objective unreasonableness on the part of the attorney or client signing the papers." ATSI, 579 F.3d at 150 (citation omitted). The "PSLRA obviates the need to find bad faith prior to the imposition of sanctions." Id. at 152. Nevertheless, courts must "ensure that any sanctions decision is made with restraint," Storey v. Cello Holdings, LLC, 347 F.3d 370, 387 (2d Cir. 2003) (citation omitted), as "Rule 11 sanctions are a coercive mechanism, available to trial court judges, to enforce ethical standards upon attorneys appearing before them, while being careful not to rein in zealous advocacy." Kiobel v. Millson, 592 F.3d 78, 83 (2d Cir. 2010) (citation omitted).

Rule 11(b)(3), which requires that all "factual contentions have evidentiary support," is violated where "after reasonable

2

inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact." Kropelnicki v. Siegel, 290 F.3d 118, 131 (2d Cir. 2002) (citation omitted). "Rule 11 neither penalizes overstatement nor authorizes an overly literal reading of each factual statement," Kiobel, 592 F.3d at 83, and an erroneous statement of fact in a pleading "can give rise to the imposition of sanctions only when the particular allegation is utterly lacking in support." Id. at 81 (citation omitted).

The defendants principally contend that the plaintiffs lacked evidentiary support for their speculative "liquidity gap" theory. The plaintiffs have explained that the liquidity gap theory is supported by several publicly available sources, including articles by media observers, financial analysts, and industry experts published before the plaintiffs' complaint was filed. Accordingly, it is hereby

ORDERED that sanctions will not be imposed on the plaintiffs.

Dated: New York, New York
June 22, 2021

DENISE COTE
United States District Judge

3